Ellett *v.* Richardson & Co.

## H. T. ELLETT *v.* RICHARDSON & CO.

MARRIED WOMEN. *Deeds. Privy examination.* A certificate by a com-missioner appointed under section 2077 of the Code, for the privy ex-amination of a married woman as to her deed, which omits the words "and having been examined," is fatally defective, and the deed is void.

Cases cited: 1 Col., 225–31; 1 Hum., 140; 7 Hum., 85; Mount *v.* Kes-terson, 6 Col., 457.

Code cited: Sections 2076–7, 2080.

### FROM CROCKETT.

Appeal from the Circuit Court. G. B. BLACK, Judge.

No counsel marked.

FREEMAN, J., delivered the opinion of the court.

The only question in this case is, whether the privy examination of the wife is sufficient to convey the homestead right, by virtue of the deed of trust sought to be enforced in this proceeding. The acknowledgment of the deed was taken before S. S. Watkins, by virtue of a commission issued to him from the county court of Crockett county. The certificate of the justice is as follows:

State of Tennessee, } Personally appeared before me, Crockett County. S. S. Watkins, an acting justice of the peace in and for said county, Mrs. Martha J. Richardson, the *feme covert* to the foregoing mortgage, and privately and apart from her husband, and acknowledged the execution of the same to have. been done by her freely, voluntarily and understandingly, without compulsion, restraint, threat or bribe, or intimidation from her husband, and for the purposes therein expressed."

This certificate leaves out the words "and having been examined," and the question is, whether this is a substantial compliance with the requirement of the law, or merely a verbal departure from the language, such as provided, section 2080, shall not vitiate the acknowledgment. It is settled by our decisions, and seems to be the principle on which most of them rest, that a "set form being prescribed, all implication as to every material fact made necessary by law is entirely excluded." 1 Col., 225; *Id.*, 31; 1 Hum., 140;

7 Hum., 85. The Legislature having required that the certificate shall show the commissioner had examined the wife, privately and apart from her husband, we are not at liberty to say, that a certificate that fails to show this was done, is a compliance with the law. This is not a mere verbal omission, which can be overlooked, because it requires the act to be performed by the officer, that is not included in the fact of a mere acknowledgment of the execution of the instrument. Taken in connection with the requirement of sec. 2076 of the Code, that the officer before whom the acknowledgment is made, "shall examine the wife privately and apart from her husband, touching her voluntary execution of the same, and her knowledge of its contents and effects," and we can see a good reason why this requirement should be held to be a matter of substance. Something more is here evidently required, besides the mere acknowledgment, that she had executed the paper. It is true the form prescribed when the acknowledgment is made before the clerk, does not contain these words, yet the Legislature having prescribed them when it is done before a commissioner, they must be held substantial— and without them the acknowledgment void. We need not attempt to find a reason for this difference in the forms prescribed. It is sufficient that it is so enacted.

The case of *Mount* v. *Kesterson*, 6 Col., 457, only decided that it was not necessary the husband should also acknowledge the deed, but that it took effect so

---

far as he was concerned, by execution and delivery, except as to creditors and *bona fide* purchasers.

For these reasons, we affirm the decree of the chancellor with costs.